**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DAVID SIEGEL,

        Plaintiff,

vs.                                               Case No. 6:12-cv-1172-Orl-37KRS

DBS HOSPITALITY, LLC,

        Defendant.

**ORDER**

This cause is before the Court on the parties' Stipulation of Dismissal With Prejudice (Doc. No. 13), filed September 25, 2012. The parties advise the Court that Plaintiff has been compensated in full for all damages claimed in this action, including his claims brought under the Fair Labor Standards Act.

The FLSA provides mandatory protection for "certain segments of the population from substandard wages and excessive work hours." *Parker v. DeKalb Chrysler Plymouth*, 673 F.2d 1178, 1180 (11th Cir. 1982). Under the FLSA, "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). These provisions are mandatory, and an employee may not settle, compromise, or waive a claim for back wages unless 1) the Secretary of Labor supervises the payment to the employee of unpaid wages owed or 2) the presiding district court enters a stipulated judgment after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (citing 29 U.S.C. § 216(b), (c)). Nevertheless, "[w]here the employer offers the

plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." *Feagans v. Americana Jax Inv., Inc.*, 3:07-cv-433-J-33HTS, 2008 WL 782488, at *1 (M.D. Fla. Mar. 20, 2008); *see also Mackenzie v. Kindred Hosps. E., LLC.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) ("Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise. There is no need for judicial scrutiny. . . .").

In this case, the parties did not compromise Plaintiff's FLSA claim. As the parties stipulation explains, "Complete overtime, liquidated damages and attorneys' fees/costs have been offered by Defendant and accepted by Plaintiff." As such, there is no need for judicial scrutiny of the settlement reached between the parties. The Court therefore finds it appropriate to dismiss this case with prejudice.

Accordingly, it is ordered as follows:

This case is dismissed with prejudice. The Clerk is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 27, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

2